[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 2, 2011
JOHN LEY
CLERK

No. 11-12037
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cv-00135-SPM-GRJ

BETA UPSILON CHI UPSILON CHAPTER
AT THE UNIVERSITY OF FLORIDA,
A Student Organization at the
University of Florida on Behalf of
Itself and Its Individual Members,
BETA UPSILON CHI, INC.,
A Texas Nonprofit Corporation,

Plaintiffs - Appellants,

BETA UPSILON CHI,

Plaintiff,

versus

J. BERNARD MACHEN,
In his Official Capacity as President
of the University of Florida,
PATRICIA TELLES-IRVIN,
In her Official Capacity as Vice President
for Student Affairs,
EDDIE DANIELS, JR.,
In his Official Capacity as Executive Director
of the J. Wayne Reitz Union,
CHRIS CUPOLI,

In his Official Capacity as the Director
of Student Involvement,
CARLOS ALFONSO, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 2, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This is an appeal of an order denying appellants' application for an attorney's fee pursuant to 42 U.S.C. § 1988 as the "prevailing party" in this civil rights action. The procedural history of the case (prior to the litigation of appellants' fee application in the district court) is set out in Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908 (11th Cir. 2009). Machen was appellants' appeal of the district court's order denying appellants' application for a preliminary injunction. Although we ultimately dismissed the appeal on the ground that appellees' conduct in affording appellants relief they sought rendered moot the controversy and thus the appeal, we noted that an administrative panel of this court had granted, in the form of an injunction pending appeal, the relief the

2

district court had denied them.

> The panel issued the injunction after considering four factors: (1) whether the movant was likely to prevail on the merits of its appeal; (2) whether, if the injunction did not issue, the movant would suffer irreparable harm; (3) whether, if the injunction issued, any other party would suffer substantial harm; and (4) whether an injunction would serve the public interest. See In re Grand Jury Proceedings, 975 F.2d 1488, 1492 (11th Cir.1992).

586 F.3d at 914-15, n.9. Appellees contend, here, that we should affirm the district court on the ground that granting appellant's fee application was a discretionary call and that the district court did not abuse its discretion in denying the application. Whether we review the district court's ruling for abuse of discretion or de novo, we would be hard pressed, in the light of this court's statement in note 9, to hold that district court got it right. Appellants are prevailing parties under § 1988 and, thus, are entitled to a reasonable attorney's fee. The district court's order denying the fee is therefore VACATED and the case is REMANDED with the instruction that the court award appellants' the § 1988 relief they seek.

SO ORDERED.